## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL HEATH BARNETT, individually, and as representative of a class of similarly situated individuals,<br><br>     Plaintiff,<br><br>v.<br><br><br>FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., FOREMOST INSURANCE COMPANY, and FARMERS GROUP, INC.,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIV-19-660-PRW

Case No. _____
Removed from Jackson County
Case No. CJ-2019-41

### NOTICE OF REMOVAL

Farmers Insurance Company, Inc. (FICO), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, the Class Action Fairness Act (CAFA), and LCvR81.2, hereby removes this action, originally filed in the District Court of Jackson County, Oklahoma, Judicial District 3, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, FICO shows this Court as follows:

### I. BACKGROUND AND ALLEGATIONS

1. On April 24, 2019, Plaintiff Mitchell Heath Barnett (Plaintiff), individually and as a representative of a class of similarly situated individuals, filed this action in the District Court of Jackson County, Oklahoma, alleging causes of action sounding in breach of contract, bad faith, disgorgement/unjust enrichment, and fraud claiming Farmers failed to pay General Contractor's Overhead and Profit (GCOP). [*See* Petition,

Ex. 1.] Plaintiffs' Petition seeks actual and punitive damages, equitable/injunctive relief, prejudgment interest, cost, and attorneys' fees. Pursuant to Okla. Stat. tit. 12, § 2018(A)(2), Plaintiff's Petition merely states that Plaintiff seeks damages "in excess of $75,000.00." [*Id.* at Prayer for Relief.]

2.      As demonstrated below, this Court has jurisdiction over this putative class action pursuant to CAFA because: (1) there are more than 100 putative class members; (2) there is minimal diversity between Plaintiff's putative class and the Farmers Defendants; and (3) the amount in controversy sought by the putative class members' claims exceeds $5 million.

## II.     THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA.

3.      CAFA reflects Congress' intent to have federal rather than rather than state courts adjudicate substantial interstate class action suits of national importance. *Pearson v. Johnson & Johnson*, 749 F.3d 879, 885 (10th Cir. 2014) ("In [CAFA], Congress authorized the removal of certain class actions from state to federal court. The Act's primary objective was to 'ensur[e] Federal court consideration of interstate cases of national importance.") (quoting Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013)). CAFA amended 28 U.S.C. § 1332 to grant original jurisdiction to the federal district courts when: (1) the putative class action contains at least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

2

4.      To further its purpose of expanding federal jurisdiction over interstate class actions, CAFA also expressly provides that class actions meeting its jurisdictional requirements are removable to federal court, relaxes the normal removal rules for such cases, and allows for appeals from orders remanding cases that were removed under CAFA. *See* 28 U.S.C. § 1453.

5.      The three elements for CAFA jurisdiction are satisfied here.

**A.      The Putative Class Size Exceeds 100 members.**

6.      CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). Plaintiff defines the putative class as "[a]ny and all customers of Defendants, who received payments … for physical loss or damage to their dwelling … located in Oklahoma" with a date of loss "occurring at any time between January 1, 2011, and the date of class certification." [Petition at ¶ 44, Ex. 1.] Plaintiff alleges that the putative class contains "tens of thousands of individuals." [*Id*. at ¶ 45.]

7.      Though Farmers denies that this action is properly maintained as a class action under Federal Rule 23, and reserves the right to challenge class certification, Plaintiff has alleged a class action as that term is defined by 28 U.S.C. § 1332(d)(1). Under CAFA, a class need not be certified before a federal court may assert jurisdiction. 28 U.S.C. § 1332(d)(8); *Just Us Realtors, LLC v. Nudge, LLC, et al.*, No. 2:18-CV-00128-TC-CMR, 2019 WL 2526731, at *9 n.7 (D. Utah June 19, 2019) (citing *Pontrelli v. Monavie Inc.*, No. 2:17-CV-01215-SN-DBP, 2019 WL 2436437, at *4 (D. Utah June 19, 2019) ("CAFA can provide federal jurisdiction regardless of whether a class is certified pursuant to Federal Rules of Civil Procedure 23.").

8.     The requirement that the number of members of the putative class exceed 100 members is met in this case.

**B.     There is Minimal Diversity Between the Parties.**

9.     CAFA requires minimal diversity as at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A); *Cox v. Allstate Ins. Co.*, No. CIV-07-1449-L, 2008 WL 2167027, at *1 (W.D. Okla. May 22, 2008) (noting that under CAFA "district courts have original jurisdiction over class actions in which minimal diversity exists-that is, any member of the class is a citizen of a state different from any defendant").

10.     Plaintiff alleges that he is a resident of Oklahoma and that the putative class consists of "thousands of individual Oklahomans insured by Defendants." [Petition at ¶¶ 6 and 15, Ex. 1.] Based on these allegations, and based on information and belief, Plaintiff or at least one member of the putative class is an Oklahoma citizen.

11.     FICO is a Kansas corporation with its principal place of business in Kansas. [*Id.* at ¶ 10.] CAFA provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, FICO is deemed to be a citizen of Kansas for purposes of CAFA removal. *Id.*

12.     Foremost Insurance Company Grand Rapids Michigan, incorrectly named as Foremost Insurance Company (Foremost) is a Michigan corporation with its principal place of business in Michigan. [Petition at ¶ 11, Ex. 1.] Thus, Foremost is deemed to be a citizen of Michigan for purposes of CAFA removal. 28 U.S.C. § 1332(c)(1).

4

13.    Farmers Group, Inc. (FGI) is a Nevada corporation with its principal place of business in California. [Petition at ¶ 12, Ex. 1.] Thus, FGI is deemed to be a citizen of Nevada and California for purposes of CAFA removal. 28 U.S.C. § 1332(c)(1).

14.    Accordingly, there is minimal diversity here and this prerequisite to CAFA jurisdiction is met. 28 U.S.C. § 1332(d)(2)(A).

**C.    The $5 Million Amount in Controversy Requirement is Met.**

15.    CAFA requires that the amount in controversy for the entire putative class exceed $5 million in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The amount in controversy is determined based on the relief sought in the complaint. *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of [the jurisdictional amount] can support removal."). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014); *see also McCracken v. Progressive Direct Ins. Co.*, 896 F.3d 1166, 1170 n.5 (10th Cir. 2018) ("To remove a putative class action to federal court, 'a defendant's notice of removal need include only a plausible allegation' that [CAFA's] requirements are satisfied.") (quoting *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554). If a plaintiff contests defendant's allegation concerning the amount in controversy, "[t]he district court should consider outside evidence and find by a

preponderance of the evidence whether the amount in controversy is satisfied...." *Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1106-07 (D.N.M. 2017) (citing *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554).

16.    The law does not require a removing party to show that "damages 'are greater' or will *likely* prove greater 'than the requisite amount' specified by statute." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016) (emphasis by the court) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)). "Instead, the term has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder *might* legally conclude' that damages exceed the statutory amount." *Id*. at 912 (quoting *Hartis*, 694 F.3d at 944). In this regard, the amount in controversy is not "'the amount the plaintiff will recover,' but rather 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail*, 529 F.3d at 956). The Tenth Circuit has rejected an approach that would require a removing defendant to prove its "own likely liability in a sufficient number of individual cases simply to get a foot in the door of the federal courthouse," stating such a result would be "awfully unlikely on its face, one made all the more so when (again) we're unaware of any other arena in which the term 'in controversy' has been interpreted to exact such a heavy price for federal jurisdiction." *Hammond*, 844 F.3d 913. Once a defendant meets its burden under CAFA to show the amount in controversy may exceed $5,000,000, "remand is appropriate only if the plaintiff can establish this it is *legally impossible* to recover more than $5,000,000." *Frederick*, 683 F.3d at 1247 (emphasis added).

17.    A removing "defendant may rely on an estimate of the potential damages from the allegations in the complaint in order to meet its burden to establish the amount in controversy." *McPhail*, 529 F.3d at 955; *see also Bartley v. Air Methods Corp.*, Case No. CIV-16-843-R, 2016 WL 7109675, at *2 (W.D. Okla. Dec. 6, 2016) ("Contending that Defendants have merely chosen to inappropriately 'parrot' the Plaintiffs' own Petition, Plaintiffs complain Defendants have failed to show with any particularity that the amount in controversy has been met. Yet that particularity-requirement is not the law.").

18.    Here, based on Plaintiff's allegations (which Defendants dispute, but which control for removal purposes) and Defendants' preliminary review of reasonably available information at the time of removal, Defendants submit that based on information and belief, the $5,000,000 amount in controversy requirement is satisfied.

19.    Plaintiff alleges Farmers failed to pay GCOP—the fee paid for the services of a general contractor in coordinating repairs. [Petition at ¶ 2, Ex. 1.] Plaintiff alleges this fee is calculated based on a percentage of the estimated cost of the repair job at issue, and claims that "[t]he percentage assessed for GCOP within the construction industry is 20% of the estimated job." [*Id*. at ¶ 3.]

20.    Plaintiff seeks to recover 20% of the estimated repair job on behalf of all of Farmers' customers who have received payments for physical loss or damage to their dwellings in Oklahoma for a loss occurring any time after January 1, 2011. [*Id*. at ¶ 44.] Based on information and belief and documents available at this time, Plaintiff's net

claim was estimated at $31,620.69. If overhead and profit had been included on his net claim, Plaintiff would be entitled to a recovery of $6,324.14.

21.    As noted above, Plaintiff seeks to represent a class of "all customers … who received payments … for physical loss or damage to their dwelling … located in Oklahoma" with a date of loss after January 1, 2011, and contends that the putative class contains "tens of thousands of individuals." [Petition at ¶¶ 44-45, Ex. 1.] Plaintiff also alleges his claims are typical of the claims of the members of the class. [*Id.* at ¶ 47.] If a class of just 10,000 members had similar claims to Plaintiff's claim and each class member was awarded the same percentage as overhead and profit, the potential recovery in this action would be in excess of $63,000,000.

22.    Additionally, Plaintiff seeks punitive damages.  [Petition at ¶¶ 68, 71, 102, and Prayer for Relief, Ex. 1].  Punitive damages are properly considered in determining whether the amount in controversy has been satisfied.  *Bell v. Preferred Life Assur. Soc'y. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *see also Gulley v. Farmers Ins. Co.*, No. CIV-08-401-F, 2008 WL 2166733, at *1 (W.D. Okla. May 21, 2008) (citing *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D. Okla. 2004)); *Schenk v. Allstate Prop. & Cas. Ins. Co.*, No. CIV-12-751-M, 2012 WL 4327043, at *1 (W.D. Okla. Sept. 20, 2012) ("[W]hen both actual and punitive damages are recoverable under a complaint, a court must consider each in determining jurisdictional amount.") (citing *Bell*, 320 U.S. at 240).

23.    Under Oklahoma law, punitive damages may be recoverable in tort actions like those asserted by Plaintiff here. Okla. Stat. tit. 23, § 9.1. Under Category I, where a jury finds an insurer "has recklessly disregarded its duty to deal fairly and act in good faith with its insured," the jury "may award punitive damages in an amount not to exceed … the amount of the actual damages awarded." *Id.* at § 9.1(B)(2)(b). In the event a jury awarded Category I punitive damages equal to the judgment, *see* ¶ 21 above, then such award easily satisfies CAFA's jurisdictional amount.

24.    Indeed, Plaintiff himself alleges that in a prior matter against two of the same defendants, in Oklahoma, involving the same allegations of failing to provide GCOP to policy holders, a jury awarded $130,000,000, including punitive damages. [*See* Petition at ¶ 17, Ex. 1 (citing *Burgess v. Farmers Ins. Co.*, Case No. CJ-01-292 (Comanche County, Oklahoma).] The plaintiffs in *Burgess*, represented by some of the same counsel representing Plaintiff here, sued only two of the four Defendants before this Court.

25.    Plaintiff's prayer for punitive damages alone is sufficient to establish the amount in controversy for CAFA jurisdiction.

26.    CAFA allows for aggregating attorneys' fees when determining the amount in controversy when such fees are statutorily permitted. *Nieberding v. Barrette Outdoor Living, Inc.*, 129 F. Supp. 3d 1236, 1242 (D. Kan. 2015) (citing *Frederick*, 683 F.3d at 1247). Under Oklahoma law, attorney's fees may be recoverable in actions for breach of insurance contracts. *See* Okla. Stat. tit. 36, § 3629(B); *see also Sims v. Great Am. Life Ins. Co.*, 207 F. App'x 908, 909 (10th Cir. 2006) (citing *Taylor v. State Farm Fire & Cas.*

*Co.*, 981 P.2d 1253, 1256 (Okla. 1999) ("Recovery authorized by § 3629(B) embraces both contract- and tort-related theories of liability so long as the 'core element' of the damages *sought* and *awarded* is composed of the insured loss.") (emphasis in original)).

27.    Plaintiff's Petition seeks attorneys' fees. [Petition at Prayer for Relief, Ex. 1.]

28.    The Tenth Circuit has approved the use of two different methods for determining attorney-fee awards in common fund class action cases, the percentage fee and the loadstar approach. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017), cert. denied sub nom. *Chieftain Royalty Co. v. Nutley*, ___ U.S. ___, 139 S. Ct. 482, 202 L. Ed. 2d 388 (2018). To determine the appropriate percentage fee, the Tenth Circuit considers to following 12 factors:

> [1] the time and labor required, [2] the novelty and difficulty of the question presented by the case, [3] the skill requisite to perform the legal service properly, [4] the preclusion of other employment by the attorneys due to acceptance of the case, [5] the customary fee, [6] whether the fee is fixed or contingent, [7] any time limitations imposed by the client or the circumstances, [8] the amount involved and the results obtained, [9] the experience, reputation and ability of the attorneys, [10] the "undesirability" of the case, [11] the nature and length of the professional relationship with the client, and [12] awards in similar cases.

*Id.* at 458 (quoting *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994)).

29.    The Tenth Circuit has cited with approval acceptable fee ranges in common fund recovery cases ranging from 23.7% to 33.7%. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 455 n.2 (10th Cir. 1988) (citing *In re New York City Municipal Securities Litigation*, 1984 WL 2411 (S.D.N.Y. 1984) (33%); *In re Warner Communications Securities Litigation*, 618 F. Supp. 735 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir.1986)

(24.5%); *Murphy v. Presly Co.*, Fed. Sec. L. Rep. (CCH), Para. 97,975 (C.D. Cal. 1981) (22.7%); *Van Gemert v. Boeing Co.*, 516 F. Supp. 412 (S.D.N.Y. 1981) (37.3%); *Bullock v. Kircher*, 84 F.R.D. 1 (D.N.J. 1979) (25.2%); *Jezarian v. Csapo*, 483 F. Supp. 385 (S.D.N.Y. 1979) (23.7%); *Valente v. Pepsico, Inc.*, 1979 WL 1229 (D. Del. 1979) (27%); and *Rothfarb v. Hambrecht*, 649 F. Supp. 183 (N.D. Cal. 1986) (22%)).

30.     If the putative class were to obtain a $63,000,000 judgment, see ¶ 21 above, then Plaintiff's counsel arguably could be entitled to an attorney fee award ranging from $14,931,000 (23.7%) to $21,231,000 (33.7%).

31.     Based on information and belief and in light of Plaintiff's allegations, the size of the class, the potential recovery at issue here, along with Plaintiff's prayer for attorneys' fees and punitive damages, it is clear that CAFA's $5,000,000 jurisdictional threshold is easily satisfied in this litigation.

## III.    PROCEDURAL REQUIREMENTS FOR REMOVAL

32.     Jackson County is in the United States District Court for the Western District of Oklahoma, and thus this Court is the appropriate Court to remove this action to pursuant to 28 U.S.C. § 116(c).

33.     This removal is timely pursuant to 28 U.S.C. § 1446(b). This lawsuit was filed on April 24, 2019. Service has not yet been made on any of the Defendants. FICO is filing this Notice of Removal before service has been affected on any Defendant. Thus, removal is timely pursuant to 28 U.S.C. § 1446(b); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (service of process is "not an absolute prerequisite to removal"); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010)

(defendant's filing of notice of removal before being served by plaintiffs did not render removal defective); *Addison v. First Family Fin. Servs.*, No. 4:06CV22LR, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006) (stating that service of process need not occur before removal).

34.    Pursuant to Federal Rule of Civil Procedure 81(c)(2), a defendant who does not answer before removing a case to federal court must answer "within the longest of" either 21 days after receiving a copy of the initial pleading, 21 days after being served with a summons, or 7 days after the notice of removal." As the Defendants have not yet been served, no answer is due under 81(c)(2). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and  brought under a court's authority, by formal process."); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829-30 (8th Cir. 2003) (affirming denial of motion for default judgment based on defendants' failure to answer after removal because defendants had never been properly served and "they consequently had no obligation to file an answer under Rule 81(c)" (citation omitted)); *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995) ("service of process rules require that the defendant formally be made a party to the lawsuit before he is required to

litigate the matter of jurisdiction");[1] *see also* 28 U.S.C. § 1448 (stating that where "one or more defendants has not been served with process or in which the service has not been perfected prior to removal, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

35.     As required by 28 U.S.C. § 1446(d), Farmers will promptly file a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the clerk of the District Court of Jackson County, Oklahoma.

36.     As the Farmers Defendants are removing this action before service has been effected on any Farmers entity, there are no process, pleadings, or orders served upon Farmers in the state court action to attach here as required by 28 U.S.C. § 1446(a).

37.     Pursuant LCvR81.2(a), a copy of the state court docket sheet is attached. [Ex. 2.]

38.     Defendants Farmers Insurance Exchange, Foremost, and FGI, represented by the undersigned, consent to this removal.

---

[1] Although the federal rules were amended following *Murphy, Norsyn,* and *Silvia,* the amendments did not alter the longstanding requirement that a party must be served before it will be obligated to answer. *Smith v. Ghana Commercial Bank, Ltd.,* 379 F. App'x 542, 543 (8th Cir. 2010) (default judgment inappropriate because plaintiff failed to properly serve defendants); *Snelling v. HSBC Card Servs., Inc.,* No. 4:14-CV-431-CDP, 2015 WL 457949, at *11 (E.D. Mo. 2015) (citing *Norsyn* for the proposition that "removal does not eliminate service requirement"); *Mazora v. Arkansas Dep't of Human Servs.,* No. 4:12-CV-00801 KGB, 2013 WL 6086036, at *1 (E.D. Ark. Nov. 19, 2013) ("defendant therefore cannot be held in default for failure to answer until properly served"); *Nichols v. Satkin Corp.,* Case Nos. 4:09-CV-028 & 4:09-CV-029, 2010 WL 1904768, at *2 (D.N.D. May 7, 2010) ("However, if the party against whom a default judgment is sought has incurred no obligation to 'plead or otherwise defend' the action, it is an abuse of discretion to grant default judgment.") (citing *Norsyn,* 351 F.3d at 828).

39.    "No anti-removal presumption attends cases invoking CAFA which Congress enacted to facilitate adjudication of certain class actions in federal court." *Bartley*, 2016 WL 7109675, at *2 (quoting *Dart*, 135 S.Ct. at 554).

## IV.    CONCLUSION

40.    Based on the foregoing, FICO respectfully remove this action from the Oklahoma District Court in and for Jackson County to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, CAFA, and LCvR81.2.

Respectfully Submitted,

*/s/ Michael F. Smith*
MARY QUINN COOPER, OBA #11966
WILLIAM S. LEACH, OBA #14892
MICHAEL F. SMITH, OBA #14815
JESSICA DICKERSON, OBA #21500
SAMANTHIA MARSHALL, OBA #22640
McAfee & Taft, a Professional Corp.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:    (918) 587-0000
Facsimile:    (918) 599-9317

***Attorneys for the Farmers Defendants.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Reggie N. Whitten
Michael Burrage
J. Revell Parrish
Whitten Burrage
512 N. Broadway Avenue, Suite 300
Oklahoma City OK  73102

Jeff D. Marr
Carole Dulisse
Marr Law Firm
4301 SW Third Street, Suite 110
Oklahoma City OK  73108

Darrell E. Latham
Latham Nelson & Associates, PLLC
1000 N Main
P O Box 953
Altus OK  73521

Brad Beckworth
Jeffrey Angelovich
Michael Angelovich
Nix Patterson LLP
512 N. Broadway Ave., Suite 300
Oklahoma City OK  73102
***Attorneys for Plaintiffs***

/s/ *Michael F. Smith*